Rodney WOOD, Petitioner–Appellant,

v.

Craig A. HANKS, Superintendent, Respondent–Appellee.

No. 01–4069.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Oct. 24, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Correctional officers found homemade wine in Rodney Wood's prison cell. The prison's disciplinary board found Wood guilty of possessing intoxicants and took away 90 days of earned good-time credit. After exhausting his administrative appeals, Wood petitioned the district court for a writ of habeas corpus, alleging that he was denied due process at his prison disciplinary hearing. Specifically, Wood alleged that contrary to prison regulations, an officer issued inconsistent conduct reports to himself and his cellmate and broke the chain of custody in testing the wine. Additionally, Wood alleged that the disciplinary board denied his requests for a continuance and to present witness testimony. The district court denied Wood's petition and we affirm.

On August 28, 2000, while searching Wood's cell at the Wabash Valley Correctional Facility in Indiana, Sergeant A. Shouse found homemade wine in a wrapped trash can in Wood's property box. Shouse issued conduct reports for both Wood and his cellmate for possession of intoxicants. Shouse's conduct report for Wood noted that "Wood did ask me if he could dump his wine out in the toilet. I advised him I could not." Shouse confiscated the trash can to have the liquid tested for alcohol content. In his witness statement Shouse stated that he or other officers supervised the trash can at all times until he dropped it off for testing. Sergeant R. Marshall tested the liquid later that day and found that it did contain alcohol.

On August 30, during a preliminary screening, prison officials notified Wood that a disciplinary hearing had been set for September 5. At this screening Wood pleaded not guilty and requested witness statements from one correctional officer and four prisoners. Wood stated that he would get the prisoner statements himself.

At the hearing, Wood presented witness statements from two prisoners. Although the hearing report notes that Wood did not

request a continuance, Wood maintains that the board denied his request for both a continuance and the opportunity to contact internal affairs investigators about the wine's chain of custody. Relying on the statements of various correctional officers, the disciplinary board found Wood guilty. Wood unsuccessfully appealed the decision to the prison superintendent and the final reviewing authority of the Indiana Department of Corrections. Having exhausted his administrative remedies, *see Webb v. Anderson,* 224 F.3d 649, 651 (7th Cir.2000), Wood brought this action under 28 U.S.C. § 2254.**

Indiana prisoners have a liberty interest in good-time credits and are therefore entitled to due process before the state takes those credits away. *Webb,* 224 F.3d at 651–52. Due process entails: (1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Additionally, "some evidence" must support the disciplinary decision. *Id.*

■ Wood first argues that Sgt. Shouse violated prison regulations by issuing inconsistent conduct reports for himself and his cellmate and by breaking the chain of custody for the seized wine. Unless they implicate the due process requirements from *Hill, id.,* however, breaches of prison

policy are strictly matters of state law and cannot be the basis of habeas corpus relief under § 2254. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Piggie v. Hanks,* 98 F.Supp.2d 1003, 1008 (N.D.Ind.2000). Because the violations that Wood alleges do not implicate his right to notice, to call witnesses, or to an explanation for the decision, Wood does not have a viable constitutional claim in this regard.

■ Wood also challenges the disciplinary board's denial of his requests for a continuance and to present additional witness testimony. Due process requires that prison officials give an inmate written notice of a disciplinary hearing at least twenty-four hours in advance so that they can plan their defense. *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Here, prison officials gave Wood more than five days notice of the hearing. Thus, even if Wood did request a continuance, denying his request did not violate due process. *Sweeney v. Parke,* 113 F.3d 716, 719 (7th Cir.1997), *overruled on other grounds by White v. Indiana Parole Bd.,* 266 F.3d 759 (7th Cir.2001).

■ As for Wood's request to contact internal affairs investigators, while inmates have a constitutional right to call witnesses at disciplinary hearings, that right is limited. *Sweeney,* 113 F.3d at 720. Requests that prisoners make the day of the hearing are not timely. *Id.* At his screening, Wood indicated that he wanted

** Superintendent Hanks argues that we should reconsider our holding in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000). *Walker* held that a prisoner does not need a certificate of appealability to appeal a disciplinary board decision because such a decision "does not arise from process issued by a state court." *Id.* at 638. Hanks raises no novel arguments for overturning *Walker,* but relies on our recent decision in *Moffat v. Broyles,* 288 F.3d 978 (7th Cir.2002), which calls our holding in *Walker* into question. *Moffat* notes that five of our sister circuits have now decided the issue, and none have adopted *Walker's* holding. Although we respect the different conclusions that our sister circuits reached, we decline to reconsider our position in *Walker.*

to call one correctional officer and four other prisoners at the hearing. Wood also indicated that he would get the prisoner statements himself. At the hearing, Wood presented two prisoner statements. Additionally, prison officials provided a statement from the correctional officer that Wood had requested at his screening. Wood waited until the hearing to request that the board contact internal affairs investigators as witnesses in the case. Since this request was not timely, the board did not violate due process by denying it. *Id.*

Moreover, Wood does not have a viable due process claim because the testimony that he wished to present would have been irrelevant, and prison disciplinary boards need not permit irrelevant testimony, *see Miller v. Duckworth*, 963 F.2d 1002, 1004–05 (7th Cir.1992). Wood claims that a continuance or testimony from the internal affairs investigators would have helped him to establish that officers had broken the chain of custody for the seized wine. Even if Wood had been able to present some testimony to this effect, it would have been irrelevant because this is not the type of case in which an unbroken chain of custody is critical to the board's decision. Given that Sgt. Shouse reportedly discovered liquid that smelled like wine and promptly denied Wood's request to dump out "his" wine, the board would have had evidence that Wood possessed wine even if the seized liquid had never been tested at all. Thus, the circumstances of this case stand in contrast to those cases in which chemical testing, as opposed to first-hand observation, is critical to the board's decision. *See, e.g., Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996) (urine testing for drugs).

Furthermore, Wood has never come forward with anything more than speculation that someone tampered with the seized liquid. A hypothetical possibility of tampering does not render evidence, such as alcohol content tests, inadmissible, but goes instead to the weight of the evidence. *United States v. Brown*, 136 F.3d 1176, 1181 (7th Cir.1998). Since the board already had "some evidence" that Wood was guilty-namely, Shouse's conduct report-any doubt that Wood could have cast upon the wine's chain of custody would not have made a difference. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999) (a conduct report alone can provide "some evidence" for a disciplinary decision). Thus, the board's denials did not prejudice Wood in any meaningful way.

AFFIRMED.

